IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**CHRISTOPHER HEARD, as personal
representative of the Estate of
HORACE REAVES**

      **Plaintiff,**

v.                                                           CV 1:12-2581-RBP

**LARRY AMERSON, et al**

      **Defendants.**

### MEMORANDUM OPINION

This cause comes on to be heard on the Motion to Strike filed by the defendants Larry Amerson, Matthew Wade, Eric Starr, Brent Cobb and Calhoun County, Alabama on November 1, 2012.

The issue is whether the plaintiff can appropriately name "Defendants A-Z" as fictitious parties in § 1983 cases where the statute of limitations is determined by state law. The 11th Circuit case cited by the plaintiff in support of his argument that the answer is "yes" is *Saxon v. ACE Industries, Inc.*, 254 F.3d 959, 963 (11 th Cir. 2001) which is a *diversity* case. The plaintiff asks the court to apply this holding in a federal question case where the statute of limitations is supplied by the forum state law. The case of *Mann v. Darden*, 630 F. Supp. 2d 1305 (M.D. Ala. 2009) interprets *Saxton* as being applicable to federal question/state statute of limitations cases:

> The defendants correctly note that *Saxton* was a case involving diversity-of-citizenship jurisdiction, but the defendants do not offer any reason that *Saxton*'s holding does not apply equally to federal-question cases in which state law similarly provides the applicable statute of limitations. . . Rule 15(c)(1)(A) clearly contemplates application in certain federal-question cases, and the Notes make clear that *Saxton*'s general holding is meant to include federal-question cases in which

state law provides the statute of limitations.

*Mann*, 630 F. Supp. at 1311.

The *Mann* court draws a distinction "between suing a party that is truly a fiction and suing a party that is real but referring to that party by a 'fictitious name.'" *Id.* at 1312. The court cites the Eleventh Circuit case of *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992) to support this:

> It is important to distinguish suing fictitious parties from real parties sued under a fictitious name. There may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name. Also, one may be able to describe an individual (e.g., the driver of an automobile) without stating his name precisely or correctly.

*Mann*, 630 F. Supp. at 1312 (citing *Dean*, 951 F.2d at 1215-1216). The *Mann* court also noted "federal courts typically will allow the use of a fictitious name in the caption so long as it appears that the plaintiff will be able to obtain that information through the discovery process." *Id.* at 1315. The *Mann* case is somewhat distinguishable from the situation at hand. The court in *Mann* makes clear that:

> The original complaint described each of the defendants as police officers with a numbered designation and a description of the time, place, and nature of their respective conduct rather than their given names. When Mann filed this suit, she also filed a motion seeking early discovery for the purpose of uncovering the actual names of the officers who participated in her tasing. . . .

*Id*. at 1310.

In contrast to the specificity noted by the court in the *Mann* case, this plaintiff's amended complaint states:

> 25. John Doe A-Z are those persons, entities and corrections officers who were deliberately indifferent to Mr. Reaves' serious medical needs and caused the violation of his clearly established constitutional rights and whose identities are currently unknown to the Plaintiff, but who will be added to the complaint when they are

identified through forthcoming discovery efforts in this case.

In *Richardson v. Johnson*, 598 F.3d 734 (11th Cir. 2010), the Eleventh Circuit upheld the district court's dismissal of the plaintiff's §1983 claim "against John Doe." 598 F.3d at 738. In a frequently quoted opinion, the court stated:

> As a general matter, fictitious-party pleading is not permitted in federal court. *See, e.g., New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997). We have created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be "at the very worst, surplusage." *Dean v. Barber*, 951 F.2d 1210, 1215-1216 (11th Cir. 1992). In this case, however, Richardson identified the defendant as 'John Doe (unknown Legal Name), Guard, Charlotte Correctional Institute' in his complaint. . . .Thus, the description in Richardson's complaint was insufficient to identify the defendant among the many guards employed at CCI . . .

At least the plaintiff here repeatedly refers to involved correction officers. While *Richardson* may be applicable, this court concludes that there may be involved correction officers who are not truly fictitious, but real parties who are sued under a fictitious name.

The court notes that even the named parties may be an overload by the plaintiff. The court will grant the plaintiff a sixty (60) day discovery period to determine who are clearly appropriate defendants, including both the actually named and those sued under a fictitious name. The plaintiff should with ten (10) days after said discovery period move to dismiss any parties who should not have been designated as defendants.

This the 13th day of November, 2012.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**